IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRANSPORT FUNDING, LLC )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HVH TRANSPORTATION, INC. )<br>)<br>Defendant. ) | Case No. _____ |

## COMPLAINT

COMES NOW Transport Funding, LLC ("Transport") by and through its counsel of record and for its Complaint against HVH Transportation, Inc. ("Defendant"), states and alleges as follows:

### THE PARTIES

1. Transport is a limited liability company organized and existing under the laws of the State of Kansas.

2. Defendant is a corporation whose principal place of business is in Colorado.

### JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 28 U.S.C. §1331 and 1332, as the parties are diverse and the amount in controversy exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in this district under 28 U.S.C. §1391.

### BREACH OF CONTRACT

5. Transport incorporates and realleges in full the preceding paragraphs as if set forth in their entirety herein.

6. On or about the 12th day of February, 2014, for value received, Transport and Defendant entered into a Master Guaranty Agreement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit "A" and is adopted in its entirety herein.

7. Pursuant to the Agreement, Transport agreed to extend credit to independent contractors/owners/operators ("Operators") of trucks who would then use the Truck to transport product on behalf of Defendant. Each of the Operators would enter into a separate lease agreement with VFS Leasing Co. who would then assign the Lease to Transport.

8. In reliance upon the Agreement, and upon the prior request of Defendant, Transport did extend credit to Operators in order for the Operators to lease trucks which were financed through Transport. These Operators would not have been able to lease trucks for the benefit of Defendant but for Transport extending credit.

9. Defendant agreed that in the event that any individual Operator defaulted under the terms of their lease with Transport, Defendant would guarantee a portion of the Lease and reimburse Transport for certain expenses and costs as set forth within the terms of the Agreement.

10. Prior to Transport extending any credit to each Operator, Transport first required Defendant to execute and deliver to Transport an "Acknowledgement of Guaranty". A copy of a sample of the Acknowledgement of Guaranty ("AOG") is attached hereto as Exhibit "B" and is adopted in its entirety herein.

11. On various dates and times, a number of the Operators defaulted under their lease agreement with Transport.

8017478 v2

12. Upon the default of each and every such lease, Transport notified Defendant of such default and provided Defendant with an opportunity to comply with Defendant's obligations under the terms of the Agreement.

13. Transport has fully complied with all the terms and conditions to be performed by Transport under the Agreement.

14. In material breach of the Agreement, Defendant failed to comply with its obligations under the Agreement and more specifically has failed to pay Transport all sums which it is owed under the terms and conditions of the Agreement.

15. In every case where an Operator defaulted under its Lease with Transport, Defendant requested or agreed to Transport leasing the truck to another successor Operator subject to the terms of the Agreement.

16. Once an Operator defaulted in its obligations to Transport under the Lease, and the truck could not be leased to a successor Operator, Defendant had the option to limit its liability under the Agreement by returning each such truck to the closest branch facility of Arrow Truck Sales, Incorporated ("Arrow") as determined by Transport and if each such truck "shall have been repaired, restored, reconditioned and delivered to Arrow Truck in trade term conditions ("Delivery Conditions")".

17. In the event the trucks delivered to Transport did not comply with the Delivery Conditions, Defendant was responsible for payment of all reasonable costs incurred by Transport to bring the trucks into full compliance with the Delivery Conditions as "reasonably determined" by Transport.

18. Defendant failed and refused to deliver 33 trucks to Transport in compliance with the Delivery Conditions and therefore Transport is required to incur the cost and expense to bring each such truck into compliance with the Delivery Conditions.

19. Transport has made numerous demands and requests upon Defendant for payment in full of all sums owed under the Agreement, but Defendant has failed and refused to make any payment to Transport.

20. As of the date of filing of this Complaint, the principal sum of $1,459,852.40 as of January 31, 2017 is due and owed by Defendant to Transport. In addition, pursuant to the Agreement, Defendant agreed that in the event of a default, Defendant would pay all expenses incurred by Transport to enforce the Agreement including the payment of reasonable attorney fees and costs up through the date of Defendant's payment to Transport.

21. Attached hereto as Exhibit "C" and adopted in its entirety herein, is a statement setting forth the amount owed by Defendant to Transport for each of the 33 trucks which Defendant has delivered to Arrow and/or Transport. Exhibit C further sets forth the cost of bringing each such truck into compliance with the Delivery Conditions.

22. As a result of Defendant's failure to comply with the terms and conditions of the Agreement, Transport has suffered and will continue to suffer further financial damages.

WHEREFORE, Transport Funding, LLC prays for judgment against HVH Transportation, Inc. in the principal amount of $1,459,852.40 as of January 31, 2017, plus statutory interest from the date of default up through the date payment in full is received. In addition, Transport Funding, LLC prays for an award of its reasonable attorney fees and court costs as well as any other Order or relief which the Court may deem just and equitable.

8017478 v2

Case No. 1:17-cv-02315-RBJ Document 1-1 filed 09/25/17 USDC Colorado pg 5
Case 2:17-cv-02106-JAR-GLR Document 1 Filed 02/21/17 Page 5 of 5
of 5

SHOOK, HARDY & BACON L.L.P.


By:   */s/Justin J. Johl*
      Justin J. Johl, #17966
      Michael B. Barnett, #27397
      Jessica A.E. McKinney, #68749

2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
Attorneys for Plaintiff